IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**COURTNEY BARLOW,**

      **Plaintiff**

      **CASE NO.**

      v.

**RIEHL CEILINGS, INC., Florida Profit Corporation**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff COURTNEY BARLOW (hereinafter referred as "Plaintiff"), by and through the undersigned attorney, hereby files this Complaint against RIEHL CEILINGS, INC. (hereinafter referred as "RIEHL" or "Defendant"), and in support of states as follows:

### NATURE OF CASE

This is a disability discrimination and retaliation case brought by Plaintiff, pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., as amended by the ADA Amendments Act of 2008 ("ADA") and seeks damages, including back pay, liquidated damages, compensatory and punitive damages, front pay, declaratory and injunctive relief, as well as her attorneys' fees and costs.

## JURISDICTION & VENUE

1. This is an action at law that raises a federal question under federal law.

2. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331 and has subject matter jurisdiction over Plaintiff's state law claims.

3. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District.

## PARTIES

4. Plaintiff was an employee of Defendant from approximately June 2020 to December 2020.

5. Plaintiff was employed by Defendant in Tampa, Florida.

6. Defendant is a Florida Profit Corporation which operates a store in Tampa, Florida where Plaintiff was employed.

7. Plaintiff has satisfied all administrative prerequisites to perfect her claim. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), incorporated herein, attached hereto and marked as **Exhibit A**, and the EEOC issued a notice of right to sue attached hereto and marked as **Exhibit B**. Plaintiff brings this suit within ninety (90)

days of receipt of her notice of right to sue.

## ADAAA STATUTORY PREREQUISITES

8. At all times material, Plaintiff was an "employee" of Defendant as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

9. Plaintiff is protected by the ADA because, as the result of Dyscalculia, a learning disability, she requires additional time to process information, therefore, either:

   a) Was suffering "a physical or mental impairment that substantially limits one or more her major life activities," as envisioned by 42 U.S.C. § 12102 (1)(A);
   b) Had "a record of such an impairment" because of her required medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or
   c) Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

10. Plaintiff was discriminated against based on her disability.

11. Plaintiff is a member of a class of individuals protected by the ADAAA.

12. The Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA.

13. Plaintiffs meet the statutory criteria for coverage as an "employee" under the ADAAA.

14. At all times material to the allegations herein, Plaintiff was

qualified for her Bookkeeper position with Defendant.

15. At all times material, Defendant was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

16. In 2020, Defendant had 15 or more employees for each working day in each of the 20 or more calendar weeks.

17. At all times relevant, Defendant was engaged in an industry affecting commerce.

18. At all times relevant, Defendant was engaged in an activity affecting commerce.

19. At all times relevant, Defendant was engaged in commerce within the meaning of 26 U.S.C. § 2611(1)

20. At all times relevant, Defendant was an "employer" as defined by 42 U.S.C. § 1211(5).

## FACTUAL ALLEGATIONS

21. Plaintiff was hired on or about June 1, 2020 as a Bookkeeper and excelled in this position.

22. Plaintiff was moved to the Human Resources Department.

23. Plaintiff remained in that position until the end of her employment on or about December 9, 2020.

24. Plaintiff had been an employee in good standing with no discipline

on my record.

25. Plaintiff suffers from a Dyscalculia, a learning disability which affects how her brain processes information and how she retains information. Basically, her brain takes longer to comprehend what the task is and she cannot learn as fast as others.

26. Because of her disability, Plaintiff was not able to understand some of the tasks she had to perform.

27. Plaintiff requested extra time for training or to be relocated to her original position.

28. Plaintiff provided a doctor's note detailing her disability.

29. When Plaintiff's supervisor found out she had gone to Human Resources, Plaintiff was terminated.

30. At the time of her termination, Plaintiff was qualified for her position.

31. Additionally, at the time of her termination, Plaintiff was able to perform the essential functions of her job, with or without accommodation.

32. At no time during her employment did Defendant counsel or otherwise discipline Plaintiff for failure to meet her job duties.

33. Plaintiff was treated differently than similarly situated non-disabled employees.

34. Defendant discriminated against Plaintiff due to her disability.

## COUNT I
## DISCRIMINATION UNDER THE ADAAA

35. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 34 above as if fully set forth herein.

36. Plaintiff suffers from dyscalculia, a disabling medical condition pursuant to the ADAAA.

37. Plaintiff was discriminated against by the Defendant due to her disability in violation of Federal law.

38. Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

39. Defendant denied Plaintiff reasonable accommodation as required by Federal law.

40. Plaintiff is protected by the ADAAA:

   a) Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendant; and

   b) Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

41. Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

42. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

43. Defendant's actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

44. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

45. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

46. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

47. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

48. Defendant does not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

49. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is members of protected classes as envisioned by the ADA.

50. Plaintiff suffered sufficiently severe and pervasive treatment because of her disability and/or "perceived disability," and request for accommodation regarding same.

51. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

52. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

53. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

54. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

55. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a) Back pay and benefits;

b) Interest on back pay and benefits;
c) Front pay and benefits;
d) Compensatory damages for emotional pain and suffering;
e) Injunctive relief;
f) Prejudgment interest;
g) Costs and attorney's fees; and
h) Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER THE ADAAA

56. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 34 above as if fully set forth herein.

57. Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

58. Plaintiff was retaliated against by the Defendant due to her disability in violation of Federal law.

59. Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

60. Defendant denied Plaintiff reasonable accommodation as required by Federal law.

61. Defendant terminated Plaintiff because of her disability.

62. Defendant terminated Plaintiff in violation of the ADAAA.

63. Plaintiff is protected by the ADAAA:

   a) Plaintiff was disabled or a "perceived as disabled" employee

>
> who suffered discrimination because of her disability or "perceived disability" by Defendant; and
>
> b) Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

64. Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

65. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

66. Defendant's actions unquestionably constitute retaliation in violation of the ADAAA, as amended.

67. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

68. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

69. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

70. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

71. Defendant does not have a non-discriminatory rationale for terminating the Plaintiff.

72. Plaintiff was a disabled individual or otherwise perceived as disabled by Defendant, during their employment. Therefore, he is members of protected classes as envisioned by the ADA.

73. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

74. The retaliation to which Plaintiff was subjected was based on her disability and/or "perceived disability."

75. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

76. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

77. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and

equitable reliefallowed by law including:

     a) Back pay and benefits;
     b) Interest on back pay and benefits;
     c) Front pay and benefits;
     d) Compensatory damages for emotional pain and suffering;
     e) Injunctive relief;
     f) Prejudgment interest;
     g) Costs and attorney's fees; and
     h) Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 10th day of November, 2021.

                                      Respectfully submitted,

                                      ***s/ Bruce A. Mount***
                                      Anthony Hall, Esq.
                                      FL Bar No.: 40924
                                      Bruce A. Mount, Esq.
                                      FL Bar No.: 88754
                                      THE LEACH FIRM, P.A.
                                      631 S. Orlando Avenue, Suite 300
                                      Winter Park, Florida 32789
                                      Telephone: (407) 574-4999
                                      Facsimile: (833) 523-5864
                                      Email: ahall@theleachfirm.com
                                      Email: bmount@theleachfirm.com
                                      Email: yhernandez@theleachfirm.com

                                      ***Attorneys for Plaintiff***